**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:18-cv-00228-MR**
**[Criminal Case No. 1:07-cr-00056-MR-1]**

| | |
|---|---|
| **REGINALD DEWAYNE JEFFRIES,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Writ of Audita Querela or any other Writ that Is Necessary, Pursuant to 28 U.S.C. 1651." [Doc. 1].

Petitioner Reginald Dewayne Jeffries is serving a 140-month sentence after being convicted in this Court of possession with intent to distribute cocaine and possession of a firearm by a convicted felon. [Crim. Case No. 1:07-cr-00056 ("CR"), Doc. 98: Amended Judgment]. The Amended Judgment in this action, entered on January 23, 2015, states that Petitioner's

sentence is to run consecutively to any previously imposed state sentence.[1] [Id.].

Petitioner is currently incarcerated at Butner Correctional Institution in Butner, North Carolina. According to the Federal Bureau of Prisons website, Petitioner's scheduled release date is November 28, 2018. In his pending motion, Petitioner essentially asserts that he is suffering from an aggressive form of cancer and that officials at Butner are not giving him proper treatment for his cancer. To this end, he states that he seeks for this Court to amend the judgment in this action to state that his sentence in this Court is to run concurrently with any state court sentence. According to Petitioner, he would then be eligible for a time-served sentence and immediate release, which would then allow him to receive the medical treatment he needs for his cancer. Petitioner argues that this Court should amend his sentence under the factors in 18 U.S.C. § 3553(a), allowing his federal and state sentences to run concurrently.

A motion to amend a sentence to run concurrently, instead of consecutively, is treated as a motion for sentence modification under 18

---

[1] Defendant's original judgment as of February 8, 2008, refers to the sentence imposed being consecutive to the previously imposed state sentence that Defendant was then serving. [Doc. 32 at 2]. Defendant came to this Court pursuant to a Writ, and thus remained in state custody until the completion of that state sentence. [Doc. 53 at 1]. That state sentence has apparently been completed, because the Defendant is now in Federal custody.

U.S.C. § 3582(c). See United States v. Todd, No. C-91-190, 2009 WL 311082, at *1 (S.D. Tex. Feb. 5, 2009) (request to run sentences concurrent "can only be construed as a motion to alter or reduce his sentence"); United States v. Williford, No. 5:04-cr-101, 2009 WL 2355813, at *1 (M.D. Ga. July 27, 2009) (evaluating motion to amend consecutive sentence as a motion under 18 U.S.C. § 3582(c)); United States v. Balagula, 275 F. Supp. 2d 307, 308 (E.D.N.Y. 2003) (same). Section 3582(c) strictly limits a district court's authority to modify a sentence. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial 'change of heart.'"). A district court may do so only when "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits." Id.; 18 U.S.C. § 3582(c).

Petitioner has not demonstrated that any of the grounds for modification set forth in § 3582(c) are applicable here. Neither the Bureau of Prisons nor the Government has moved for a modification of Petitioner's sentence. Cf. 18 U.S.C. §§ 3582(c)(1)(A), (B). Moreover, Petitioner does not argue that his sentence is the product of an error within the meaning of Rule 35(a) or was based on a sentencing range that has been lowered.[2]

---

[2] Under Federal Rule of Criminal Procedure 35(a), the court may correct a sentence

To the extent that Petitioner is challenging the BOP's determination of the amount of credit given to Petitioner for time-served, the calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that the Attorney General, through the Bureau of Prisons, is responsible for computing credit under § 3585(b). Id. at 334-35. The Wilson Court made clear that "§ 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. If Petitioner is dissatisfied with the decision rendered by the BOP under § 3585(b), he must first exhaust his administrative remedies. Once he exhausts his administrative remedies, he may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241 in the district of confinement. Wilson, 503 U.S. at 335; Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

To the extent that Petitioner is attempting to bring this action as a petition for writ of audita querela or as another type of writ under 28 U.S.C. § 1651, Petitioner's motion is denied. As Petitioner is asking for this Court

---

resulting from arithmetical, technical, or other clear error within 14 days after sentencing, but that time has well passed in this action. Fed. R. Crim. P. 35. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Here, there was no error in the Court's prior sentence, nor does Petitioner contend that any such error occurred.

4

to amend or correct his sentence, the motion is in substance an unauthorized, successive petition under 28 U.S.C. § 2255. It is well-settled that Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

Finally, to the extent that Petitioner is intending to assert a claim under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs while incarcerated at Butner, such claim is dismissed without prejudice. If Petitioner wishes to bring such claim, he must bring it in the proper venue, which appears to be the Eastern District of North Carolina.

Accordingly, **IT IS, THEREFORE, ORDERED** that Petitioner's "Motion for Writ of Audita Querela or any other Writ that Is Necessary, Pursuant to 28 U.S.C. 1651" [Doc. 1] is **DENIED**.

**IT IS SO ORDERED.**   Signed: September 25, 2018

Martin Reidinger
United States District Judge